arguments not to exceed 15 minutes per side. Candace Doberduck for the appellate and may it please the court. My name is Grace Doberduck. I'm representing appellants Louise Galati and Nicholas Bosakovich and I'd like to reserve 5 minutes for a vote. You may. Thank you. The district court erred by dismissing appellant's fair debt collection practices claim on the basis that no other entity could make a claim to the note. In this particular case, the law firm Manley Deas Kochalski had filed a foreclosure complaint and the note attached as an exhibit to their complaint was specifically endorsed to a First Federal Savings ISAOA. And so under the Ohio Revised Code Section 1303.21, this note was negotiated to First Federal and the only way that it could be transferred would be to be negotiated by First Federal Savings Bank ISAOA. Do we know all that? I mean right now the case is pending. It's been refiled in the Ohio State Court. Is that correct? It is correct, Your Honor. And the merits of the foreclosure are currently being litigated? It's currently in mediation, but yes. It's in mediation. All right. I really don't know Ohio foreclosure law, but it seems to me it's possible since the case is alive and active at this point that the bank and the attorneys who represent them, the defendants, may prevail. If they were to prevail on the refiled claim, how could this case be an unfair debt collection practice? The original complaint that they had filed, if M&T Bank, who's the plaintiff in both the old foreclosure and the new foreclosure, if they didn't have the right to enforce the note and mortgage... Okay, maybe they do though. We don't know that right now, do we? Since there hasn't been a ruling on the merits? We do know it based on the documents attached to both complaints. Well, if it's that clear, why haven't you had the refiled action dismissed at this point? Under Ohio law, the courts are unlikely to dismiss a complaint if a copy of the note is attached and there's an assignment of mortgage. So while we've argued that these assignments are fraudulent, because they've attached documents, it's not going to get dismissed on a motion to dismiss. Let's distinguish between the mortgage and the note here. So you're saying that they have at least a facially valid chain on the mortgage, although you're contesting the Franklin aspect of it. Is that correct? Whereas on the note, you're saying that there's not even a facially valid chain because the chain only goes to First Federal. Is that fair? Yes, but I'd also like to add that we've got conflicting transfers from the original lender, the Grange Bank. And it's important that mortgage electronic registration systems is not named on this mortgage. So both the note and the mortgage were originally with the Grange Bank, which means the Grange Bank is the only entity that has a right to make those transfers. If you look at the note that was filed in both foreclosures, there's a specific endorsement from the Grange Bank to First Federal Savings Bank, ISAOA. The assignment of mortgage, the first one they've attached is from the Grange Bank to Franklin Bank, SSB. Counsel, that's all what I just said, okay? No, what I wanted to point out is that the Grange Bank has transferred the note to one party, First Federal, but they've transferred the mortgage to Franklin Bank, SSB. So we've got two different entities there. But does that make something that MDK did wrong or fraudulent? I mean, they filed those documents. The documents are what they say. Based on those documents, the law firm Manley, Deese, Kowalski could tell that their client M&T Bank, not the party named on the note, not the party named on the first assignment, didn't have any interest in either one of those. That sounds like a negligent standard as opposed to whether they actually knew it. Are you alleging they were negligent? No, I'm alleging that they knowingly filed a false foreclosure. All right, what facts, under Trombley, you cannot rely on conclusions in your pleadings. You must allege facts to plausibly allege a cause of action. What facts do you have to indicate that they knew that they were filing a false claim? In order to foreclose, you have to have a right to enforce the note. And the note is specifically payable to First Federal Savings Bank, ISAOA. So that was the entity that would have... Is that a good statement of Ohio law or not? No, Your Honor, because the note was endorsed to First Federal Savings Bank, ISAOA, not endorsed in blank. If it was endorsed in blank and they had possession, then they could claim to enforce it. But it was specifically endorsed to another party, and there's no assignment of mortgage from First Federal Savings Bank, ISAOA. And the law firm Manley D. Skowalski, who's filed a number of foreclosures, not just in Ohio, but in other states, could knowingly... But you're back to could again, and you didn't answer my question. What facts do you have to support your allegation that they knew they were filing a false claim? The fact that the note is endorsed to First Federal. The first assignment of mortgage is from the original lender to Franklin Bank. So they know, when they look at this, that this has been a split, which is a rare thing. But that's not illegal in itself if one or the other comes back to them, is it? If you look at the case Carpenter v. Longin, it's a U.S. Supreme Court case. They talk about you can't split the note and the mortgage. And here you've got the original lender endorsing the note to one entity and assigning the mortgage to another entity, which makes it so that you can't foreclose. That's the effect of it. The mortgage is no longer security for the debtor. Sorry, Counsel, the case you just cited, Carpenter, is that in your brief? No, Your Honor. Okay, so just give me roughly what court's it in? The United States Supreme Court. So the U.S. Supreme Court says that you can't, under any state's law, split the note and the mortgage? That splitting the note and the mortgage is a nullity. That if you... In every state in the country? Yes, Your Honor. Okay, I can look it up. I was dubious, but you cite it, I'll look it up. Okay, so in that sense, if you're right about that as a matter of law, then it would seem that that would be something that, as competent lawyers, they should know about or do know about. And I take it you're also saying, as a matter of law, if the chain on the note is not endorsed in blank, then your statement of law is that they have no rights in it. M&T, is that correct? That is correct, Your Honor. Okay, so we can follow. Now, have your clients, do they concede they owe anybody on these notes and mortgages? Have they been paying anybody? Once a foreclosure is filed, nobody will accept any further payments. Okay, but I mean up to that time? Up to the time they were paying and they ended up actually going default where the bank had paid the taxes. The bank, which bank? Who have they been paying? They... usually they pay a servicer. I'm not sure exactly who they were paying. And that's one of the other things. There's two assignments of mortgage. One of the assignments of mortgage has BAC, Home Owned Servicing, LP, that's now Bank of America. In the district court case, we had also sued Bank of America. Settled with them, right? Yes. But the point is that's another entity that could have had a claim and was involved in this case, in addition to First Federal. So to dismiss the case and say on a motion to dismiss that there was no claim because there was no other entity that could make a claim, that wasn't accurate. That other entity, at least your first argument would be, was Bank of America? The first argument was I'd say it was First Federal Savings Bank because that's who the notes payable to. But there was also on the assignment of mortgage it says when finished recording return to BAC Home Owned Servicing, which is now Bank of America. Are there any differences between the first foreclosure action and the second one that's currently pending in the Ohio State Court? The difference I see, Your Honor, is that in paragraph 9 of the new complaint, Manly D. Kowalski says that First Federal disclaims an interest in the note. Now, we would argue that that is also, that's not something that M&T Bank can't say that First Federal disclaims an interest. That would have to come from First Federal. And so that aspect of the case has not been litigated yet, but Manly D. Kowalski did file a copy of the new foreclosure complaint in the district court. And by putting that paragraph in the complaint, it may have possibly misled the district court into thinking that there was no claim to the note. But again, that's coming from M&T Bank, not from First Federal Savings Bank. So you're saying there's no affidavit or something? Exactly, Your Honor. No affidavit, no assignment, no... Well, okay, is it your contention that the second foreclosure case also violates the Fair Debt Collection Practice Act? Yes, Your Honor. Have you filed that claim? Not yet, because we're still litigating this claim. Okay, but you're, so the statute of limitations time hasn't run? No, not yet. All right, counsel, your time's expired. You have five minutes for rebuttal. Good morning, Your Honors. May it please the Court, my name is Matt Richardson, and I represent Manly D's in this appeal. For at least two reasons, this Court should affirm the trial court's dismissal of the complaint against MDK. First, because they did not allege facts to indicate they were at risk of double liability on their mortgage loan, the borrowers lacked the standing to challenge the assignment of mortgage to M&T Bank, the foreclosure plaintiff. Second, the borrower did not generally allege facts sufficient for the trial court to draw the reasonable inference that MDK could be liable for the misconduct alleged under the FDCPA. As to the first issue, borrowers lacked the standing to challenge both the mortgage assignment and the note endorsement because they do not allege the risk of double liability, and this Court in Livonia and most recently in Slorp has articulated the conditions under which a borrower may challenge a mortgage assignment, and in general, they have to allege, the borrower must allege that they are in danger of paying the same debt twice, and in this case, that didn't happen. The borrowers did not allege the risk of double liability. They merely pointed out what appeared to be an irregularity in the mortgage assignment to the foreclosure plaintiff, M&T Bank. They did not allege that they were fearful that some other entity would foreclose on them, as in the Fuller case, which they rely on. Let's make sure we're distinguishing the mortgage and the note. The note on its face is now to First Federal. Why isn't that sufficient? That is, that you filed something that shows apparently that they owe this money to First Federal and that you don't have a visible chain from First Federal to you. Because under Ohio law, M&T Bank can enforce the note if it has possession of it and was transferred it from a holder, namely First Federal. Okay, and the transfer here, again, there's no documentation of that transfer. That is, you simply have, or you say you have, physical possession. That's correct. And your adversary seems to say that that's not correct, that it's only if it was endorsed in blank, which from commercial paper 40 years ago sounds plausible. So give me the best argument that Ohio law says you're right rather than they're right. Sure, under 1303.31a.2, my client is entitled to enforce the note as a nonholder in possession with the rights of a holder if it was given possession of the note from First Federal. Even if it's not endorsed and even if the earlier endorsement is not in blank. So you say if we look at that statute, that's what we'll get. That's correct. And also I might add in reference to the second foreclosure action, First Federal was named as a party in that suit. They have not responded to the complaint. I think that's significant. I'm sorry, to your complaint? The second foreclosure complaint, the refile complaint. But on the other hand, you don't even now in any of these actions have an affidavit or an overarching document like we bought everything from First Federal. Can you tell us how you got it from First Federal? Yes, that remains to be litigated in the second foreclosure case, and that's exactly how that will go. There's an agreement between First Federal and M&T Bank that will be produced in the second foreclosure action during the summary judgment proceedings. Okay, go ahead. So the borrowers haven't alleged the risk of double liability. They never stated which entity to whom they made their mortgage payments. I think that's significant as well. In the first foreclosure action, there was a breach letter sent to the borrowers on M&T Bank letterhead telling the borrowers that they were in default to the note mortgage and giving them an amount necessary to reinstate the loan. Does that indicate that they had ever made any payments to M&T? It doesn't necessarily because, in theory, the loan could have been transferred to M&T Bank and M&T Bank could have sent the breach letter without any payments having been made. But in reality, the borrowers made payments to M&T Bank for two years, in fact. So it's thoroughly disingenuous to claim, as they do in their complaint, that the But you didn't include those facts in your complaint or documents heretofore? That's correct. Because the pleadings were all that were tested with the 12B6 motion, although there were documents from the first foreclosure action of which the court could have taken judicial notice, one of those documents, as I mentioned, was the breach letter from M&T Bank on its letterhead, and another was an affidavit from M&T Bank indicating that it had possession of the note when the complaint was filed. I'm sorry, give me that last part again. M&T Bank, in the first foreclosure action, submitted an affidavit. In the first foreclosure, in state court. In state court, correct. But then that was dismissed. Right. And did those papers get to federal court in any way? Yes, they did. In fact, I submitted them in support of the motion to dismiss. Okay. Go ahead. So for these reasons, the borrowers lack the standing to challenge the mortgage assignment. And the same is true of the note endorsement. The borrowers do not claim that M&T does not have possession of their note. They seem to concede that. And that makes this case very similar to the Clark case, this court's Clark case, in which the court determined that a law firm could not have violated the FDCPA by enforcing, by filing a lawsuit, foreclosure suit, when its client had possession of the note. Do you have anything to say about this notion of the splitting of the note and the mortgage and where they're endorsed to two different people and what the Supreme Court said in Carpenter? Well, I don't know what Baring Carpenter has on Ohio law, so I can't comment on that. And it wasn't in the brief, and so I don't really know. But I can speak to what Ohio law says. And Ohio law strongly disfavors any notion that a note mortgage could be split. And Ohio law does not require that an endorsement to a note match an assignment of mortgage. It's just not required. As to the mortgage assignment, the chain of assignments that are required for an Ohio foreclosure action are very similar to those that are required in Michigan. And that's why the Livonia case from Michigan is very similar. You know, it's very on point here. Because all that Ohio law requires is a consistent chain of assignments from the original mortgagee to the foreclosure plaintiff. And so where does the fight over the Franklin endorsement come in, in the sense that if there is something wrong with that, they imply that Franklin's out of business. Is that something you had any knowledge of, or that conversely you're responsible for the validity of that endorsement? Right. I mean, there's no allegations in the complaint that MDK had any knowledge of it. And there's no indication that that in itself is a violation of the FDCPA. Banks go defunct and wind up their affairs, and there's no indication that a defunct entity can't transfer a mortgage to another party. And even if it's taken over by the FDIC, there's no allegation that any FDIC regulations were violated here. It's just a typical mortgage assignment from my perspective. Okay, what else? Okay. So the borrowers generally lack standing to challenge the mortgage assignment and the note endorsement. I think the district court got that right. The district court made an even-if argument, said even if the borrowers do have standing to challenge the note endorsement and mortgage assignment, that the borrower still had not alleged sufficient facts for the court to draw the reasonable inference that MDK was liable under the FDCPA. In this context, the FDCPA protects against unfair, deceptive, or misleading representations. A debt collector will be subject to liability under the FDCPA when, in a debt collection lawsuit, the plaintiff alleges that it was the owner of the debt, all the while knowing that they did not have the means of proving the debt. And only then will an FDCPA complaint survive a motion to dismiss. But being unable to establish ownership at the time the complaint is filed is not in itself enough to state an FDCPA violation. And that's the Great Seneca case from this court. But the borrowers don't allege any facts to indicate that MDK's client could not enforce the debt. And they do not allege any facts to indicate that if MDK's client could not enforce the debt, that MDK knew it. As the district court correctly held, the borrowers merely alleged that MDK filed a foreclosure action against them on behalf of M&T Bank, which possessed their note. 1692e talks about making any false, deceptive, or misleading representation. It doesn't say willfully or knowingly or those kinds of words. So what is the scienter required here in your view if the representation is in fact false, deceptive, or misleading to the least sophisticated consumer? Well, there isn't actually one. I mean, it's a strict liability statute. So the debt collector simply cannot make a false, deceptive, or misleading representation and escape liability. And that has to be a materially false, deceptive, or misleading representation as well. It's worth pointing out. And in order to do that, the representation must be both technically false and it must encourage confusion. And I don't see any confusion. There's no allegation that the borrowers were confused or deceived by this foreclosure complaint. They don't allege that they were current on their note and mortgage. They don't allege who they were making payments to. They don't allege any facts to indicate that MDK was fabricating documents or perpetrating a fraud on the court. I mean, those facts just aren't here. What the borrowers are trying to do here is mount an FDCPA claim on the basis of perceived technical deficiencies with the foreclosure complaint and also false representations of Ohio law. Because the chains on their face of the documents are a little hinky. On the other hand, the documents are what they are. They haven't said that you forge those documents. Isn't that kind of our problem here? That whether it's deceptive to say that M&T can collect from them given the way that the documents look? Well, maybe so, but it's not deceptive or false or misleading. And there's no allegations, factual allegations, in the complaint against MDK to indicate that those representations were false, deceptive, or misleading. Did the federal district judge have before him the statements that they had been paying M&T for several years? No, but the judge did have the breach letter from M&T Bank that were among the materials that were submitted in support of the motion to dismiss. Okay, because when I asked you this before, I thought you'd said that they were filed in state court and then came into federal court. Right, well, the breach letter. Am I confused about the timing of these court filings? No, in the first foreclosure action, the breach letter was part of the proceedings and was filed in the proceedings. And on that basis, I submitted the breach letter as part of the materials in support of the motion to dismiss to the district court. Okay, but the breach letter on its face just says you're in breach. It doesn't say you've been paying us for a couple of years. Of course you know you're in breach. Yes. All right, and so then to go back, the fact that they have been paying you for a couple of years, is that in any court anywhere or is that just you telling me now? Yeah, that was not before the district court. Or the state court now either or is it in state court now? It's in state court now and it certainly will be part of the proceedings. Okay, but it got into state court after or independent of the dismissal of this action. Yes, just to be clear. Also, it's worth pointing out that Manly D's and its client has an obligation under an Ohio statute, 2329.191B, to disclose the state of title as to the mortgage, whatever it may be. And, you know, MDK doesn't have to draft anything. The cases that the other side relies on, Fuller and Turner from the district court and this court's Slurp case, those cases involved situations where the law firm was actually drafting false, allegedly false, mortgage assignments and affidavits. And that's not what we have here. And all MDK did in filing a complaint was simply report on the state of title as to the mortgage. I think it would be going down a slippery slope to hold law firms accountable under the FDCPA merely for reporting the state of title as to a mortgage as it exists on the county recorder's records. And, you know, provided obviously they don't have a hand in crafting these mortgage assignments, which is the issue in Turner, Fuller and Slurp. And I think the borrower's counterarguments, it looks like I have about a minute left, the borrower's counterarguments are really based on false representations of Ohio law. I wanted to rebut one point in particular. The borrowers want to argue that because, that if the note is endorsed to First Federal, that there must be a mortgage assignment from First Federal to M&T Bank in order for M&T Bank to enforce the note mortgage. That's just wrong. I mean, that doesn't exist in Ohio law. It does not. They also state that... Does the right to foreclose can derive independently from either the note or the mortgage? Yes, exactly. I think the district court did a very good job of distinguishing the cases, Fuller and Turner, and Wallace, this court's Wallace opinion. It didn't have the benefit of distinguishing Slurp,  But Slurp, you know, it also involved a situation where the law firm was making false representations through the assignments. And if I may finish one moment, and that's not what we have here, and I ask that the court affirm. Thank you, counsel. Thank you. You have five minutes for rebuttal. The district court, when dismissing this complaint, they had relied on the Slurp case. The Sixth Circuit has recently reversed that and said that the homeowners could have standing to challenge an assignment of mortgage for reasons that the assignee lacks title or other defects. They had also relied on 6ACJS Assignments 132 that says a homeowner may question a plaintiff's lack of title or right to sue. And so the case law that Apelli has relied on has somewhat been reversed on that issue where Livonia has been distinguished and said that the case has actually confounded courts and it doesn't actually mean that a homeowner can never challenge any assignments. And this case, the appellant's case, is a strong case to show that here the assignment was endorsed to a different entity than the plaintiff. We've also got the defunct entity. If you look at Fuller v. Lerner, Sampson, and Rothfuss, it looks like the exact same person, this Melissa Taylor, signed the assignment of mortgage also on a defunct entity. And the court said if these assertions are proven true that the conduct would be actionable under the FDCPA. Because a defunct entity can't transfer any of its assets? If there was actually no authority for it. And so if it would be established, and that's why we shouldn't have had the complaint dismissed, the appellant should have had the opportunity to show, was this false? Was this assignment actually executed by somebody on behalf of Franklin Bank SSB? Or did Melissa Taylor work for Bank of America and have no authority to execute her assignment? Did Franklin get, you know, it was taken over by the federal authorities, but as a factual matter, did Franklin then get sold or taken over by Bank of America? Is that what happened? Is that why Bank of America is in this? Not to my knowledge, Your Honor. I don't know why that assignment is. Did you allege that this Melissa Taylor had no authority to do what she did? We allege that the assignment was a false representation because it was executed by a defunct entity without. Well, I mean, is that simply making the legal conclusion that a defunct, I mean, was it corporate charter revoked? That is, what makes it defunct in that sense? They were closed down in 2008. The assignment was executed allegedly in 2011. I mean, presumably. It wasn't recorded until after Malagese did a title report. When you close down an entity, when the FDIC takes over somebody, you know, its assets, somebody owns those assets, either in name the old corporation is, you know, the bank may be closed, but the corporation exists, or else somebody has the right to move those assets. That's why I just wondered if you were alleging that their corporate charter had been revoked or anything of that sort. We didn't actually make any allegations about that. You just made the allegation that the bank had been taken over by the FDIC. Is that right? We made the allegation that in combination of the note being specifically payable to First Federal, the assignment being executed by this defunct entity, that there were false representations, that the appellee, Malagese Kowalski, knew that their client, M&T Bank, did not have a right to collect the debt, debt meaning the note. And that gets us back to the Ohio law point, which you seem to have a disagreement and we'll just have to work it out. From the law as to whether they could have any rights as a holder, as a possessor, strike holder, as a possessor of a note that's been endorsed to somebody else. If I look at the statute that they cited, what would I find from your point of view? We've cited that too. Let me first mention the case BAC v. Blythe, which is in our reply brief, which says if the special endorsement on the note precludes enforcement by any party other than the named entity, under Ohio Revised Code 1303.31, to be a nonholder in possession, you still need the rights of a holder. And normally they get the rights of the holder. You have a note endorsed in blank. How do you know who has the right to enforce it? The assignment of mortgages specifically to the bank. But because this note is too first federal, that's why you need the assignment from first federal. Are they right to take their best case, which may not be cited here, that they have a side agreement with first federal where they bought all of their assets or they bought certain assets or first federal agreed to something? Is that good enough under Ohio law? While you're right that generally a nonholder can't enforce it, you just said if they have the rights of a holder, they can. Can they get those rights by some other agreement? Generally to have the rights of the holder, they need to have the endorsement from first federal and the transfer of possession. They're claiming they have the transfer of possession. I hear your argument. They clearly don't have the endorsement. Your time's up. Do my colleagues have any further questions? I have one further question then. Again, they've asserted, and it wasn't before the district court, but they assert that it's in state court that there's a record of your clients having made payments to M&T up until the time of the breach letter. Do you have anything to say about that? Is that true? Have you made a counter-representation in state court? I don't know that that's been litigated at all, that issue. But regardless of who payments have been made to, because sometimes payments are made to a servicer, not necessarily the entity who is the creditor. And when we talked about Wallis v. Washington Mutual, Fuller v. Samson, the entity that has the right to enforce this note is First Federal. And so they're the creditor. And Manly v. Kowalski. There's no indication that, in fact, you have ever paid First Federal or that they've ever asked to be paid. Is that correct? I don't know. A lot of times with the foreclosures, they delegate that to a servicer. The servicer who might have the right to collect payments is not the one who has the right to foreclose. All right. But the answer to my question, I take it, is no with respect to First Federal in their own name. You seem to be implying that maybe when you paid servicers or were asked to pay servicers, those servicers were representing First Federal, or what are you saying? Yes. All right. That's close enough. Okay. Thank you, counsel. Case will be submitted. Clerk may call the next case.